UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 4:CR-04-0271 |
| | : | |
| v. | : | (VIO: 21 U.S.C. § 846) |
| | : | |
| WILLIAM J. NEIDIG | : | |
| WILLIAM A. REID | : | |
| BRAD EDWARD KASHNER | : | |
| LEANN KROUSE | : | |
| GREGORY WILLIAM JONES | : | |
| RANDALL ALAN MAYEDA | : | |
| SHAUN KELLY JORDAN | : | |
| BRENT REED | : | |
| JESSE KOSMER | : | |
| JEFFREY HAGGERT | : | |

# SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT ONE

Conspiracy to Distribute
Controlled Substance
(21 U.S.C. § 846)

From on or about January, 2003, exact date unknown, through the date of this indictment, in Northumberland and Snyder Counties within the Middle District of Pennsylvania, in the states of California and Washington, and elsewhere, the defendants

**WILLIAM J. NEIDIG**
**WILLIAM A. REID**
**BRAD EDWARD KASHNER**
**LEANN KROUSE**
**GREGORY WILLIAM JONES**
**RANDALL ALAN MAYEDA**
**SHAUN KELLY JORDAN**

**BRENT REED**
**JESSE KOSMER**
**JEFFREY HAGGERT**

did knowingly and intentionally combine, conspire, confederate, and agree with themselves, and with other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit: knowing and intentional possession with the intent to distribute and distribution of controlled substances, specifically in excess of five (5) kilograms of cocaine, a Schedule II controlled substances, under Title 21, United States Code, Section 812.

**MANNER AND MEANS**

In carrying out the conspiracy, the conspirators employed the following manner and means:

1. The conspirators used the United States mails and private and commercial interstate carriers to transfer and distribute cocaine.

2. The conspirators used the United States mails and private and commercial interstate carriers to transfer cash payments and proceeds related to the distribution of cocaine.

3. The conspirators utilized a number of addresses in Pennsylvania, Washington, and California, including commercial mail receiving centers, to receive and send parcels containing cocaine and cash payments and proceeds related to the distribution of cocaine.

4. The conspirators communicated by telephone concerning the distribution of cocaine and the transfer and payment of cash related to the distribution of cocaine.

5. The conspirators used the proceeds from the distribution of cocaine to obtain real estate, vehicles, bank accounts, and property, including the property identified in Count Two of this Superseding Indictment.

6. The conspirators kept and secreted cash proceeds from the distribution of cocaine at various locations.

All in violation of Title 21, United States Code, Section 846.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT TWO**
Criminal Forfeiture
(21 U.S.C. § 853)

1. Upon conviction of the controlled substance offense alleged in Count One of this Superseding Indictment, defendants,

**WILLIAM NEIDIG**
**WILLIAM A. REID**

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following:

1.1 CURRENCY

1.1.1 $22,000.00 Twenty two thousand seized on August 2, 2004 pursuant to Search Warrant #04-108-MW01

1.1.2 $63,000.00 Sixty three thousand dollars seized on September 27, 2004 in Coal Township, Pennsylvania at GPS coordinate N40 46.07 W76 36.056

1.1.3 $7,653.00 Seven thousand six hundred fifty three dollars from 1347 West Mulberry Street, Coal Township, Pennsylvania described in receipt numbers A00390210 & A00390211 accompanying the Search Warrant executed at that location on August 3, 2004

1.1.4 $639.36 Six hundred thirty nine dollars thirty six cents recovered from RD#2 336C, Sunbury, Pennsylvania described in receipt numbers A00089905 & A00089911 accompanying the Search Warrant executed there on August 3, 2004

1.2. CONVEYANCES

1.2.1 Dodge Durango VIN #1B4HS28N41F547292

1.2.2 2004 Yamaha Model YFM66 VIN#JYAM03Y34C028534

1.2.3 1986 Harley Davidson Reconstructed title VIN#1HD1BHL15GY013340

1.3. REAL PROPERTY

1.3.1 1347 West Mulberry Street, Coal Township, in Northumberland County, Pennsylvania, Deed Book 120, Page 328

1.3.2 625-627 Packer Street, Shamokin, in Northumberland County, Pennsylvania, Deed Book 1282, Page 244

1.3.3 623-625-627 Spruce Street, Shamokin, in Northumberland County, Pennsylvania, Deed Book 1534, Page 672

1.3.4 411 North Washington, Shamokin, in Northumberland County, Pennsylvania, Deed Book 1650 Page 158

1.3.5 114 Birch Street, Coal Township, in Northumberland County, Pennsylvania, Deed Book 1516, Page 390

1.3.6 818 State Street, Coal Township, in Northumberland County, Pennsylvania

1.4 BANK ACCOUNTS

1.4.1 M&T account number 9830363157 with balance estimated current balance of $2,330.00

1.4.2 Service 1st Federal Credit Union account number 415253011 0003757 with estimated current balance of $7,807.80

1.4.3 Service 1st Federal Credit Union Certificate of Deposit number 06839 with balance of $5,406.17

1.4.4 Service 1st Federal Credit Union Certificate of Deposit number 07106 with balance of $5,160.39.

1.4.5 $11,000 down payment currently being held by C.B. Wandell-Sofniak real estate agency for 817 purchase of Tharp Street Coal Township in Northumberland County, in the form of the following instruments: (1) Allied Renovations check #115 for $4000.00 signed by William REID; (2) M&T check #387 for $3,000.00 signed by William NEIDIG; and (3) Service 1st Federal Credit Union check # 559 for $4,000.00 signed by William NEIDIG.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

A TRUE BILL

FOREMAN

Date:

THOMAS A. MARINO
United States Attorney